UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| THELMA FENWICK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:18-cv-336-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA | ) | **& ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

Plaintiff Thelma Fenwick is a resident of Suitland, Maryland. Proceeding without counsel, Plaintiff filed an Amended Complaint which, broadly construed, asserts a claim against the Defendant, the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 ("FTCA"), for the personal injury and wrongful death of her son while he was incarcerated at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. [R. 11.] Defendant has filed a motion to dismiss or, in the alternative, motion for summary judgment. [R. 20.] Pursuant to the Court's Order entered October 8, 2019, Plaintiff was required to file a response to Defendant's motion within 45 days of that Order. [R. 23.] However, that time period has now expired, and no response has been filed by Plaintiff.[1] Thus, this matter is ripe for review. For the reasons that follow, the Government's Motion will be granted.

---

[1] Although Plaintiff filed a letter with the Court on October 4, 2019, this letter did not respond to the Defendant's dispositive motion, but rather appears to be a letter directed to the Defendant requesting payment for her pain and suffering because her son died in its care. [R. 22.]

# I

Although the specific allegations of Plaintiff's Amended Complaint are vague, Plaintiff's claim arises from an incident in which her son, Lloyd Fenwick, died after he was assaulted by other inmates at USP-McCreary. Plaintiff generally alleges that Lloyd Fenwick was given a physical when he was in custody. [R. 11 at 2.] Plaintiff alleges that, although Lloyd Fenwick was "ADHD mental," the Defendants "failed to put him in a mental institute…instead of jail." [*Id.*] Plaintiff further states, "I know that's why that inmate stabbed him to death." [*Id.*] Plaintiff claims that, if Defendants had checked Lloyd Fenwick's background, they would have known that "he was ADHD." [*Id.*] With respect to the incident leading to her son's death, she alleges that "[a]fter my son was beaten and stabbed 8 times, unit staff responded and told my son to order him to get on the ground." [*Id.* at 3.] Finally, Plaintiff states that: "Medical care in the Federal Bureau of Prisons is a common excuse for lack of timely health care. My son had asthma can't breathe lung problems. Every Fed. Prison has a psychology department." [*Id.* at 4.] The Court previously construed Plaintiff's allegations as alleging a tort claim against the United States pursuant to the FTCA. [R. 13.]

More information regarding the circumstances of Lloyd Fenwick's death are provided by Defendant's response. [*See generally* R. 20-1 at 3–4.][2] According to Defendant, on October 8, 2016, USP-McCreary staff observed other inmates assaulting Lloyd Fenwick in the common area of the 3A Housing Unit. After staff immediately gave the inmates an order to cease their actions and get on the ground, the assaulting inmates ceased and fled the immediate area, while Lloyd Fenwick complied and got on the ground. Responding staff members placed Lloyd

---

[2] Because Plaintiff did not file a Response to Defendant's motion, this information is undisputed.

Fenwick on a stretcher and transported him to the Health Services Unit, where lifesaving measures were initiated. He was transported by local EMS to the local community hospital for treatment of puncture wounds he sustained in the assault and where he was pronounced dead a little over an hour after the assault.

According to Defendant (and not disputed by Plaintiff), BOP records document any known or reasonably anticipated risk of an altercation between inmates, either through inmate reports or staff investigative efforts. Any inmate may report such a risk and request separation from other inmates through protective custody. These reports are documented, investigated, and accommodated where a threat can be reasonably confirmed. Defendant submits evidence (through a Declaration of Wade Thompson, Captain at USP-McCreary) that there is no record of any previous altercation between Lloyd Fenwick and the inmates who assaulted him, nor is there any record that Lloyd Fenwick requested protective custody to be separated from the inmates who assaulted him. [R. 1 at 3; R. 1-3 at ¶4.]

No one disputes that Plaintiff has suffered trauma due to the sudden and unexpected death of her son. Indeed, Defendant's motion specifically recognizes Plaintiff's unquestionably tragic loss. However, Defendant argues that the FTCA discretionary function exception precludes lawsuits, such as Plaintiff's, alleging that government employees negligently exercised their discretion, particularly with respect to decisions regarding prison safety and prison designation or assignment. [R. 20-1 at 2.] In addition, to the extent that Plaintiff's Amended Complaint suggests a claim that Lloyd Fenwick was improperly designated to USP-McCreary (rather than a mental health facility), Defendant argues that she failed to properly exhaust this claim before she filed this action. [R. 20-1 at 12–14.] For these reasons, Defendant seeks dismissal of Plaintiff's Amended Complaint for lack of subject matter jurisdiction. [R. 20-1.] In

the alternative, Defendant seeks summary judgment in its favor on the grounds that there is insufficient evidence to support the essential elements of Plaintiff's case.

## II

## A

Before addressing the merits of Defendant's motion, the Court notes that, in its October 8, 2019 Order directing Plaintiff to respond to Defendant's motion, the Court specifically warned Plaintiff that, should she fail to file a response by the deadline provided by the Order, the Court may dismiss her case for failure to prosecute, *see* Fed. R. Civ. P. 41(b), or grant Defendant's motion for any reason adequately supported by the record, *see Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). [R. 23.] Plaintiff did not file a response to Defendant's motion, despite this specific warning that her failure to do so may result in the dismissal of her case for failure to prosecute. Dismissal is generally warranted where the party fails to act in the face of a clear prior warning that the case would be dismissed. *Bowles v. City of Cleveland*, 129 F. App'x 239, 244 (6th Cir. 2005). Thus, Plaintiff's failure to file a response alone warrants dismissal of her Amended Complaint.

Regardless, in the interest of completeness and finality, the Court will also consider the substantive arguments set forth by Defendant in its dispositive motion. Defendant moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6), specifically challenging whether this Court has subject matter jurisdiction over Plaintiff's claims. Where, as here, a party contends that the factual allegations of the Amended Complaint, even if assumed to be true, fail to establish the court's subject-matter jurisdiction over the plaintiff's claims, that party presents a facial attack upon the court's jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Am. Telecom Co., LLC v. Republic of Lebanon*, 501

F.3d 534, 537 (6th Cir. 2007); *Gentek Bldg. Prods. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A district court assesses the validity of such a motion using the same approach used to evaluate a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Global Technology, Inc. v. Yubei (XinXiang) Power Steering System Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) (citing *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all "well-pleaded facts" in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because Plaintiff is proceeding without the benefit of an attorney, the Court reads her Amended Complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Here, Defendant moved both to dismiss and for summary judgment, attaching and relying upon declarations extrinsic to the pleadings in support of its motion. [R. 20.] Thus, the Court will treat Defendant's motion to dismiss the Amended Complaint as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F. 3d 1102, 1104 (6th Cir. 2010). *See also Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (where defendant moves both to dismiss and for summary judgment, plaintiff is on notice that summary judgment is being requested, and the court's consideration as such is appropriate where the nonmovant submits documents and affidavits in opposition to summary judgment).

A motion under Rule 56 challenges the viability of another party's claim by asserting that at least one essential element of that claim is not supported by legally-sufficient evidence. Fed.

R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986).  A party moving for summary judgment must establish that, even viewing the record in the light most favorable to the nonmovant, there is no genuine dispute as to any material fact and that the party is entitled to a judgment as a matter of law.  *Loyd v. St. Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014).  The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim."  *Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir. 1994).  However, if the responding party's allegations are so clearly contradicted by the record that no reasonable jury could adopt them, the court need not accept them when determining whether summary judgment is warranted.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

**B**

Although the allegations of her Amended Complaint are sparse, prior to filing her lawsuit, Plaintiff submitted an administrative claim under the FTCA to the Bureau of Prisons ("BOP") seeking compensation for Lloyd Fenwick's death based on allegations that USP-McCreary staff had negligently searched inmates and failed to locate the weapons possessed by the inmates who assaulted Lloyd Fenwick.  [R. 20-5 at 3.]  Such a claim implicates 18 U.S.C. § 4042(a), which, among other obligations, requires the BOP to "provide for the safekeeping, care and subsistence" of inmates, § 4042(a)(2), as well as to "provide for the protection" of inmates. § 4042(a)(3).  However, Defendant argues that Plaintiff's negligence claims against it should be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 2680(a), as her claims relate

to discretionary governmental functions and, accordingly, are exempted from the FTCA's limited waiver of the government's sovereign immunity.

Thus, the starting point of the Court's analysis is the FTCA itself. As a sovereign entity, the United States is immune from claims against it. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA constitutes a limited waiver of that immunity, thus permitting suit against the United States for, among other things, personal injuries caused by government employees. 28 U.S.C. § 1346(b)(1). The United States, however, has not waived its immunity for injuries caused by government employees' performance of discretionary acts. 28 U.S.C. § 2680(a); *Montez ex rel. Estate of Hearlson v. United States,* 359 F.3d 392, 395 (6th Cir. 2004). Specifically, 28 U.S.C. § 2680(a) provides that the FTCA's waiver of immunity does not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C.A. § 2680(a).

A two-part test determines whether a governmental act falls within the discretionary function exception. "First, a court must ask whether the act involves 'an element of judgment or choice.'" *Montez*, 359 F.3d at 395 (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). If the answer to this first question is "yes," the Court must then ask "whether that judgment is of the kind that the discretionary function was designed to shield." *Id.* (quoting *Gaubert*, 499 U.S. at 322–23). Thus, in order to survive a motion to dismiss, a complaint "must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to

be grounded in the policy of the regulatory regime." *Id*. at 397 (quoting *Gaubert*, 499 U.S. at 324–25).

The Sixth Circuit has recognized that 18 U.S.C. § 4042(a) does not specifically prescribe a course of action for prison officials to follow, but rather "allow[s] BOP officials to exercise judgment when making decisions regarding [prisoner] safety." *Id*. at 396–97. Thus, the first part of the test is satisfied, as "the BOP has discretion to determine how to accomplish its statutory duty to provide for the safety of inmates." *See Parker v. United States*, 2012 WL 2414887 at *3 (E.D. Ky. June 26, 2012) (citations omitted). "Moreover, it is clear that government policy permits this exercise of discretion and was thus designed to shield BOP officials' judgments concerning prisoner safety." *Id*. (citing *Montez,* 359 F.3d at 397). Thus, the decisions made by prison staff in this case regarding inmate safety and security (including whether and to what extent to search for weapons) relate to the exercise of discretion regarding prisoner safety and, accordingly, fall within the discretionary function exception.

However, as recognized in *Parker*, "no good exception exists without having an exception to it: The discretionary-function exception may not apply where federal officials are aware of a specific and immediate threat to an inmate's safety." *Id*. This is so because, "[i]n such cases, 'there is a high likelihood that actions are not based in policy.'" *Id*. (quoting *Ceballos v. United States,* 2011 WL 5855290, at *3 (E.D. Ky. Nov. 22, 2011)).

Here, there are no allegations in Plaintiff's Amended Complaint that, prior to the assault, Lloyd Fenwick faced a specific and immediate threat, much less that the prison officials were aware of this threat. Moreover, Defendant submits evidence showing that, prior to the October 8, 2016 assault on Lloyd Fenwick, there is no record of any previous altercation between Lloyd Fenwick and the inmates who assaulted him, nor is there any record that Lloyd Fenwick

requested protective custody to be separated from the inmates who assaulted him. [R. 1-3 at ¶4.] Plaintiff does not dispute this evidence; thus, she fails to raise a genuine dispute of material fact regarding whether federal officials were aware of a specific and immediate threat to Lloyd Fenwick's safety prior to the October 8, 2016 assault on him. Because federal officials were not aware of any such threat to Plaintiff, the discretionary function exception applies to the decisions made by prison officials with respect to prisoner safety and security in this case.

## C

Plaintiff's Amended Complaint also alleges that Lloyd Fenwick should not have been designated to USP-McCreary, alleging that, in light of his ADHD and asthma, he should have been placed in a mental health facility. [R. 11.] However, the FTCA permits the exercise of subject matter jurisdiction over such a claim only if it has already been presented to the agency for administrative settlement and the agency has denied the request. 28 U.S.C. § 2675(a); *Myers v. United States*, 526 F.3d 303, 305 (6th Cir. 2008). If the plaintiff did not both file an administrative claim and receive a denial from the agency before filing suit, the FTCA mandates the dismissal of a suit against the United States. *McNeil v. United States*, 508 U.S. 106 (1993).

Here, the administrative claim Plaintiff submitted to the BOP prior to filing her lawsuit referenced only her allegations that the USP-McCreary staff was negligent in failure to search inmates and locate the weapon prior to the assault on Lloyd Fenwick. [R. 20-5 at 3.] It did not make any reference to her claim that Lloyd Fenwick should have been designated to a mental health facility rather than USP-McCreary. [*Id*.] Because these allegations were not raised in Plaintiff's administrative claim presented to the BOP, she failed to exhaust her administrative remedies with respect to this claim, which is required prior to filing a lawsuit. *Davis v. United States*, 2009 WL 1360658, *6 (E.D. Ky. May 13, 2009) ("Although an administrative claim need

not propound every possible theory of liability in order to satisfy section 2675(a)...a plaintiff cannot present one claim to the agency and then maintain suit on the basis of a different set of facts.") (quoting *Roma v. United States*, 344 F.3d 352, 362 (3d. Cir. 2003)).

Even if Plaintiff had fully exhausted her claim, courts have consistently held that decisions related to classification and prison placement or designation fall squarely within the type of discretionary decisions that the discretionary function exception is designed to shield. *See Cohen v. United States*, 151 F.3d 1338, 1344 (11th Cir. 1998) ("Deciding how to classify prisoners and choosing the institution in which to place them are part and parcel of the inherently policy-laden endeavor of maintaining order and preserving security within our nation's prisons.") (citing *Bell v. Wolfish,* 441 U.S. 520, 547 (1979)). *See also Smallwood v. United States, et al.,* Civil No. 10-0260-GFVT, 2015 WL 770363, * 6–7 (E.D. Ky. February 23, 2015) (absent evidence of a specific threat against an inmate, safety and housing decisions made by the BOP are subject to the discretionary function exception). Accordingly, even if Plaintiff had fully exhausted her claim related to Lloyd Fenwick's placement in USP-McCreary, it would still fall within the discretionary function exception and, accordingly, must be dismissed for lack of subject matter jurisdiction.

### III

For all of the foregoing reasons, the Court finds that Plaintiff's negligence claims fall within the discretionary function exception and, therefore, must be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 2680(a). Accordingly, Defendant's motion to dismiss or, in the alternative, motion for summary judgment [R. 20] will be granted and Plaintiff's Amended Complaint [R. 11] will be dismissed with prejudice.

Accordingly, it is hereby **ORDERED** as follows:

1.  Defendant's motion to dismiss or, in the alternative, for summary judgment [R. 20] is **GRANTED**.

2.  Plaintiff's Amended Complaint [R. 11] is **DISMISSED WITH PREJUDICE**.

3.  The Court will enter a judgment contemporaneously with this order.

4.  This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 20th day of December, 2019.

Gregory F. Van Tatenhove
United States District Judge